**COMMISSIONER OF INTERNAL REV-ENUE, Petitioner,**

v.

**Harold E. MacDONALD and Marian B. MacDonald, Respondents.**

**No. 12058.**

United States Court of Appeals Seventh Circuit.

Oct. 21, 1957.

Charles K. Rice, Asst. Atty. Gen., C. Guy Tadlock, Tax Division, U. S. Dept. of Justice, Washington, D. C., Lee A. Jackson, Harry Baum, Joseph F. Goetten, John N. Stull, Department of Justice, Washington, D. C., on the brief, for petitioner.

Peter B. Atwood, Chicago, Ill., Walker & Atwood, Chicago, Ill., of counsel, for respondent.

Before DUFFY, Chief Judge, SCHNACKENBERG and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This is the second time this case has been before this court on a petition to review the decision of the Tax Court.

The first petition was for review of a decision of the Tax Court, 23 T.C. 227, sustaining an asserted deficiency in the income tax for the taxable year of 1949 of Harold E. MacDonald (hereinafter referred to as the taxpayer) and Marian B. MacDonald, his wife, who was made a party because they filed a joint return. This court reversed and remanded the cause, without prejudice to any further proceedings not inconsistent with the opinion.

The mandate from this court was filed in the Tax Court on March 8, 1956 and on the same day the taxpayer filed a motion for judgment pursuant thereto. On May 7, 1956 the Commissioner of Internal Revenue (hereinafter referred to as the Commissioner) filed a motion to place the cause on the Chicago, Illinois calendar for hearing pursuant to our mandate and alleged therein that additional evidence would be necessary for proper disposition. The motion of the Commissioner was heard by Judge Rice of the Tax Court in Washington, D. C. on June 19, 1956 and, after briefs were filed by the parties, on October 18, 1956 Judge Rice entered an order denying the motion of the Commissioner for an additional hearing.

On January 14, 1957, the taxpayer moved the Tax Court to enter its decision under Rule 50 pursuant to the order of October 18, 1956 and on February 6, 1957 the Tax Court rendered its decision of no deficiency in income tax for the taxable year 1949.

On March 7, 1957, within 30 days from the final decision of the Tax Court, the Commissioner filed his petition for review in this court.

On August 22, 1957, the taxpayer filed a motion to dismiss this cause on appeal. This motion was denied without prejudice to the right of the taxpayer to renew the motion upon the hearing on the merits. The taxpayer has done so and the question raised by the taxpayer in his motion to dismiss first demands the decision of this court.

The taxpayer contends that his motion to dismiss should be granted for the reason that the Commissioner failed to file his motion for reconsideration within thirty days as provided by Rule 19, Subdivision (e) of the Rules of Practice of the Tax Court, 26 U.S.C.A. (I.R.C.1954) § 7453; the Tax Court did not abuse its discretion in denying a rehearing; the Commissioner's motion does not fairly present a justiciable issue in the absence of pleadings now barred by the statute of limitations.

The contention of the taxpayer that Rule 19 applies is so tenuous that it may be dismissed without further comment and in the light of Judge Major's opinion and the mandate of this court the other contentions of the taxpayer are of no greater import. Accordingly the motion of the taxpayer to dismiss is denied.

This court held on the first appeal, 230 F.2d 534, that the employment agreement between the taxpayer and Household Finance Corporation was entered into on June 14, 1948 and was for a period of three years with no right of termination subsequent to June 14, 1949. The taxpayer exercised the option to purchase the 10,000 shares of Household Finance Corporation stock on October 4, 1949, with the agreement not to sell as long as he was employed by Household Finance Corporation. With that restriction on resale the stock was not salable and there was, therefore, no market value until the restriction was removed.

In the opinion of this court on page 541 of 230 F.2d, Judge Major speaking for the court said:

"Taxpayer acquired the corporate stock with an agreement not to sell and, in addition, if he had violated this agreement and sold the stock,

he probably would have been required to account for the profits. Certainly he would have been faced with a legal action to recover such profits. This is not to say that he did not realize economic gain upon the purchase of the stock but, even so, the question remains as to the proper formula for the ascertainment of the amount and extent of such gain. The Tax Court has held it is the difference between the option price and the market value of the stock on the New York Stock Exchange at the time of its acquirement. We disagree with that conclusion. Whether there is some other formula by which such gain can be ascertained, either in 1949 or some other year, we are not called upon to decide."

We reversed and remanded the cause to the Tax Court, without prejudice to any further proceedings not inconsistent with our opinion. However, after the mandate was filed in the Tax Court and the Commissioner filed a motion to submit additional evidence in an attempt to give the Tax Court another formula for evaluation the Tax Court denied the motion, refused to hear any additional evidence and rendered its decision of no deficiency for the year 1949. This was contrary to the mandate of this court.

What the Tax Court may decide after hearing additional evidence depends upon the evidence introduced and, of course is subject to review by this court, but we hold that it is the duty of the Tax Court to hear the additional evidence and then render its decision. It can not without further hearing simply announce, as it did, that it knows of no other formula to properly evaluate the gain, if any, for the taxable year 1949.

The decision of the Tax Court of February 6, 1957 is reversed and this cause is remanded with instructions to hear additional evidence and render its decision therein.